[The clerk will certify this decision to the register, Isaiah T. Williams.] [2]

---

## Case No. 1,267.

### In re BELLAMY.

[1 Ben. 426; [1] 1 N. B. R. 96; Bankr. Reg. Supp. 21; 15 Pittsb. Leg. J. 1.]

District Court, S. D. New York. Sept. 25, 1867.

BANKRUPTCY—ORDER TO SHOW CAUSE WHY BANKRUPT SHOULD NOT BE DISCHARGED — REGISTER'S CERTIFICATE OF REGULARITY — REGISTER'S FEES — FILING PAPERS.

1. On a petition, according to form No. 51, by a bankrupt for his discharge, the register to

---

[2] [From 1 N. B. R. 64.]
[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

---

whom the case is referred may direct the making of the order to show cause contained in that form.

[Cited in Comstock v. Wheeler, Case No. 3,-084.]

2. What is to be contained in that order, and the practice under it.

3. Whether there be opposition to the bankrupt's discharge or not, the register must furnish to the court, after the return day of the order to show cause, a certificate that he has examined carefully all the proceedings in the case, and that the bankrupt has in all things conformed to the requirements of the act.

4. The bankrupt is made responsible for the regularity of the proceedings, and is bound to see that all the necessary steps are regularly taken, or he cannot have his discharge.

5. The register is entitled to fees for the above services, under section forty-seven of the act, as for services "while actually employed under a special order of the court."

6. No discharge can be granted until all the papers relating to the case are filed by the register in the clerk's office.

In bankruptcy. In this case application was made to the register, [Isaiah T. Williams, by John Bellamy, a bankrupt,] upon a petition in due form, for an order to show cause why the bankrupt should not be discharged from his debts. The register stated to the court, that he was in doubt as to the form of the order, that is, as to whether it should be made returnable before the register, and, if not, on what day and hour it should be made returnable before the court; that there was no prospect of any opposition to the discharge, and that the bankrupt insisted that the order should be made returnable before the register; that it should give notice of the second and third meetings of the creditors, pursuant to rule 25 of the "General Orders in Bankruptcy;" that, in case no one appeared to oppose on the return day or before, the bankrupt might on that day make and subscribe before the register to the oath required by the twenty-ninth section of the act, [14 Stat. 531;] that, thereupon, it would be the duty of the register, pursuant to the provisions of rule 7 of the "General Orders in Bankruptcy" to file all papers in the case with the clerk, and certify, by the usual daily certificate, the proceedings of such last day before him, and that the court would thereupon, nothing appearing in the record to the contrary, sign the bankrupt's final discharge. The register also stated, that it would seem scarcely worth while, when a case really goes, as it were, by default, when the discharge must inevitably follow upon the proceedings theretofore had, that the court should be troubled to fix a day to do nothing; that, in case there is opposition, and the creditor opposing files the specifications provided for by section thirty-one of the act, the register would then (if there were no assets) in like manner return all the papers into court, as directed by said rule 7, with the usual certificate, from which certificate and papers composing the record, the court would order a trial, as it might see

fit, pursuant to section thirty-one; that the case would then seem to be closed before the register unless sent back for some purpose; that certainly, there being no assets, there would be nothing more a register could do; and that, if a trial were ordered by the court, and the bankrupt were to be successful, the court would sign his discharge, and, if unsuccessful, the discharge would be denied. [Decision certified to register.]

[For prior proceedings in this matter see Case No. 1,266; for subsequent proceedings, see Case No. 1,268.]

BLATCHFORD, District Judge. I have heretofore held that, upon a petition, according to form No. 51, by a bankrupt for his discharge, the register to whom the case is referred may direct the making of the order to show cause contained in form No. 51. This order may be made returnable before the court at the office of the register, to be sufficiently designated, on such day and hour as the register appoints, allowing time for the proper publication of notice. The order must name the newspapers in which the notice is to be published. The selection of the newspapers is to be made by the register, with due regard to the requirements of section twenty-nine in reference to such selection, and is to be made from among the newspapers named in rule 21 of the rules of this court in bankruptcy. The publication will be made for three times once a week, in two newspapers, with an interval of seven days between every two publications, and an interval of seven days between the last of the three publications and the return day of the order. The notice, form No. 52, both as published and as served, must specify, as the place of hearing, the office of the register, to be sufficiently designated. If the notices to be served be sent by mail, they must be mailed by the clerk. A fee to the clerk for this service is prescribed by rule 30 of the "General Orders in Bankruptcy," and, by the memorandum appended to form No. 52, the certificate of the clerk as to the mailing of the notices and the placing thereon of the proper postage stamps is made evidence of the fact of notice. The proof of publication in the newspapers may, as in other cases, be by the usual affidavit of the printer.

In a case where no debts have been proved against the bankrupt, or no assets have come to the hands of his assignee, if the second and third meetings of creditors required by the twenty-seventh and twenty-eighth sections of the act have not yet been held, the order to show cause in form No. 51 should contain the direction provided for by rule 25 of the "General Orders in Bankruptcy," in regard to such second and third meetings, and the notice, form No. 52, published and served in pursuance of the order, should have added to it the clause provided for by said rule 25, in regard to such second and third meetings.

This power of the register to act on the return of the order to show cause on the petition of the bankrupt for his discharge, is deducible from the provision of section four of the act, that the register shall have power, and it shall be his duty, "to pass the last examination of any bankrupt in cases whenever the assignee or a creditor do not oppose." Form No. 53 contemplates that, if a creditor opposes a discharge, he may address to the register the specification in writing of the grounds of opposition required by section thirty-one of the act. If, under rule 24 of the "General Orders in Bankruptcy," no creditor enters an appearance in opposition to the application for a discharge, by the day when the creditors are required to show cause, the register may require the bankrupt to take and subscribe the oath provided for by section twenty-nine. Whether there be or be not opposition to the discharge, the register must furnish to the court, after the return day of the order to show cause, and before the court will either grant a discharge or try any question raised as to the discharge, a certificate to be made by the register, that he has examined carefully all the proceedings in the case, and that it appears to him, from those proceedings, that the bankrupt has in all things conformed to his duty under the act, and has conformed to all the requirements of the act. The provisions of section thirty-two of the act as to the prerequisites to a discharge mean, that all the requirements of the act as to what steps are to be taken, from the commencement of the proceedings to the end, must be conformed to, as prerequisites to the granting of a discharge, and not merely that the bankrupt has personally done what he is required to do. Claiming, as the bankrupt, does, the benefit of the act, he is made responsible for the regularity of the proceedings, and he is bound to see, as the case proceeds, that all the necessary steps are taken, and regularly taken, or else he cannot have his discharge. The register will, therefore, with a view to making the certificate in question, examine carefully all the steps in the case, and, if he finds any want of conformity to the requirements of the act, he will specify what it is, so that the defect may be supplied, if it can be. As this is a service involving care and responsibility, the clerk will, in every case where a petition for discharge is filed hereafter, enter a special order referring it to the register in charge of the case, to make an order to show cause thereon, and to sit in chambers on the return thereof, and pass the last examination of the bankrupt, if there be no opposition, and certify to the court whether the bankrupt has in all things conformed to his duty under the act, and has conformed to all the requirements of the act. In rendering these services, the register will be considered as acting under the special order, so as to entitle him to be compensated for

such services under that clause in section forty-seven· of the act which gives to the register, "for every day's service while actually employed under a special order of the court, a sum not exceeding five dollars, to be allowed by the court."

The regulations announced in this decision will be considered as standing rules of this court in cases in which petitions for discharge shall be hereafter filed. It must also be understood, that no discharge will be granted until, under rule 7 of the "General Orders in Bankruptcy," all the papers relating to the case are filed by the register in the office of the clerk of the district court.

[The clerk will certify this decision to the register, Isaiah T. Williams, Esq., and he will act on the petition for the discharge in this case in accordance with the above regulations, and the clerk will enter a special order in this case to the effect above prescribed.] [2]