### HUNTINGTON v. SAUNDERS.

(Circuit Court, D. Massachusetts. November 20, 1894.)

#### No. 444.

1. BANKRUPTCY—SUPERVISORY POWER OF CIRCUIT COURT—PROCEEDINGS FOR DISCHARGE.

On a petition to a circuit court, under Rev. St. § 4986, for revision of orders of a district court dismissing a creditor's specifications of objection to the discharge of a bankrupt, and granting the discharge, the circuit court has no power to correct mere irregularities in the proceedings in the district court; and if the partial record presented does not enable the circuit court to determine whether, on the whole case, the creditor is entitled to have his specifications considered, or whether the bankrupt is not entitled to a discharge, it offers nothing proper for consideration.

2. SAME—GRANTING DISCHARGE—REGISTER'S CERTIFICATE OF CONFORMITY.

Under Rev. St. § 5114, which requires, as a prerequisite to the discharge of a bankrupt, that it shall appear to the court that he has in all things conformed to his duty under the statute, the register's certificate of such conformity is not essential to a discharge.

3. SAME—FAILURE TO SUBMIT TO EXAMINATION.

That the record presented to the circuit court, on a petition for revision of an order granting a bankrupt's discharge, shows that there were orders for the examination of the bankrupt and his wife, but does not show that they were examined, or that the bankrupt was unable to procure the attendance of his wife, raises no sufficient presumption, in the absence of a full presentation of the facts, of a failure by the bankrupt to conform to his duty under the statute, which, under Rev. St. § 5114, should prevent his discharge.

Petition for Revision of Orders of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

The petition was filed by James Huntington, a creditor having proved his claim, in the matter of William A. Saunders, a bankrupt, and was as follows:

(1) Respectfully represents James Huntington, of Cambridge, in said district, a creditor, having proved his claim in said bankruptcy, that on October 1, 1875, said Saunders was adjudged bankrupt by the district court for said district on a petition of creditors filed July 13, 1875; and, in due course of proceedings thereon, unsecured debts to the amount of three hundred and twenty thousand dollars were proved against his estate, and Francis J. Parker, of Newton, Richard J. Monks, of Boston, in said district, and this petitioner, were duly appointed assignees, and accepted that trust.

(2) Before his failure, in April, 1875, the bankrupt had been for many years doing a large business, and had in his possession a very large estate, and, after he failed and retired to his house, creditors were quieted by the assurance that their claims would be paid, so that some months elapsed before bankruptcy proceedings ensued, and the investigations of the assignees could be commenced; and this time was used by the bankrupt, with the assistance of numerous agents and attorneys, in concealing the estate, and disposing of the same to the prejudice of the creditors, but no payments were made to them, and the bankrupt disclosed a very small quantity of property to the assignees, of less than five thousand dollars in amount, and the assignees afterwards recovered about twenty-five thousand dollars, and the amount of all dividends to creditors was less than seven per cent. on the debts proved. Petitioner believes that a much larger amount of assets was concealed from the assignees, and not recovered, for want of better information.

(3) From the time of his failure, in April, 1875, the bankrupt remained for more than fifteen years in and about his house, giving no information or assistance to the assignees regarding the discovery and adjustment of his property and affairs, and was pretending continual sickness, while the shifting of funds and real estate and securities was carried on for more effectual concealment; and when, on petition of the assignees, filed March 1, 1876, he was required to appear for examination before the register having charge of the case, he did not appear at the time fixed therefor, or offer to appear at any other time, and no reason for his absence was shown; and when the assignees again applied for such examination, in November, 1880, he sent a physician's certificate to show that he was not then in condition to appear, but did not offer to appear at any other time, and has never been examined or given any information whatever about his estate, and has not shown his books or papers used in his business.

(4) In September, 1876, Mary P. Saunders, the wife of said bankrupt, was duly ordered and summoned to appear before said register for examination in regard to the estate in bankruptcy, but did not appear, and on the return of a second summons by the marshal she did not so appear; and though it appears by the record that she was sworn for examination on February 7, 1877, she did not appear for examination as required, and the bankrupt did not at any time show that he was unable to procure her attendance.

(5) The bankrupt applied for a discharge by a petition filed July 19, 1876, and notice thereon was given, returnable May 25, 1877; and this petitioner objected to the granting of a discharge, and on June 4, 1877, filed in court written specifications of his objections, to which no exception was taken for either form or substance, and the same were duly referred to said register; and at several hearings thereof before the register, the bankrupt being there represented by counsel, much testimony and documentary evidence was offered by this petitioner, and admitted, in support of said specifications, but no counter evidence was offered by the bankrupt; and the matter was argued by counsel, and the hearing was duly closed in the year 1878, but no report has been made thereon by the register to the court.

(6) The said specifications of objection to the discharge, filed as aforesaid, a copy whereof is hereto annexed, were true in fact, and most of them were fully proved, and from the filing thereof the bankrupt regarded his petition

for discharge as hopeless, and thereafter, by counsel, consented to several judgments in favor of this petitioner in the state courts of Massachusetts, and otherwise abandoned his petition for discharge; and the delay of said register in filing his report on the objections thereto was caused, not by anything done or omitted by this petitioner, but by reason of the consent and according to the request of the bankrupt.

(7) On December 19, 1893, the bankrupt made an application to the court of bankruptcy, praying that the said specifications of objection be dismissed, or that the same be set down for trial at an early day; and on December 23, 1893, this application was brought to the attention of that court, in the presence of counsel for both parties, and the court summarily, without hearing any evidence or consulting the register, ordered that the specifications be dismissed for want of prosecution, leaving the petition for discharge pending. And thereupon this petitioner filed an application to the court of bankruptcy, praying that the petition for discharge, being the other part of the same proceeding, be also dismissed; but when this application was, on December 30, 1893, in presence of counsel for both parties, brought to the attention of the court, it was refused and summarily ordered to be dismissed without hearing any evidence; and, without appointing any time for trial or hearing of the matter, the discharge of the bankrupt was forthwith ordered to be granted by the court, notwithstanding the certificate of the register made on said December 30, 1893, a copy whereof is hereto annexed, and notwithstanding the several objections to such discharge set forth in this petition.

Wherefore, your petitioner, feeling aggrieved by the above-mentioned orders or decrees of said district court, which he believes to be erroneous, prays that the same may be revised and reversed by this court.

Annexed to the petition were a copy of the specifications of objections to the discharge, filed by petitioner, referred to in the petition, and a copy of the certificate of the register, also referred to therein, which was as follows:

At Boston, in said district, on the 30th day of December, 1893, I, S. Lothrop Thorndike, register in bankruptcy, hereby certify that said bankrupt has in all things conformed to his duty under the acts of congress relating to bankruptcy, and appears to be entitled, under the provisions thereof, to receive a discharge.·

Excepting, however, that my record does not show that the bankrupt submitted to examination, but does show that on November 13, 1880, a physician's certificate was shown that he was not in condition to be examined.

Excepting, also, that the record shows that the bankrupt's wife, though summoned, did not appear for examination, and it does not show that the bankrupt was unable to procure her attendance.

Excepting, also, that the question is referred to the judge, whether certain evidence in the case, tending to show grounds for withholding a discharge, is still open for consideration, although the objections under which that evidence was taken have been dismissed for want of prosecution.

The answer of the bankrupt to the petition for revision was as follows:

(1) The bankrupt admits the allegations of paragraph one (1) of said petition.

(2) The bankrupt denies the allegations of paragraphs two (2), three (3), four (4), five (5), six (6), seven (7) of said petition, except as follows: That is to say, he admits that he applied for a discharge, as set forth in paragraph No. five (5) of said petition; that notice thereon was given, returnable at the time therein stated; and that specifications of objection were filed as therein stated. He also admits that on December 19, 1893, he made application to the district court in bankruptcy, praying that said specifications might be dismissed, and that the same were dismissed on notice and hearing by said district court, and that on December 30, 1893, the discharge of the bankrupt was granted by said court; but this respondent says that said pe-

tition for discharge was granted after due hearing by said district court, at which evidence was heard by said court, and said bankrupt and his wife were duly sworn and testified.

And this respondent further says that all the proceedings of said district court in relation to the discharge of said bankrupt were in due form of law, and in conformity with the acts of congress relating to bankruptcy, and that the petitioner, in his said petition, has shown no cause why the same should be revised or reversed by this court.

The petitioner filed a reply to the answer, joining issue thereon, and thereupon proofs were taken.

George W. Parke, for petitioner.
William B. Durant, for Saunders.

PUTNAM, Circuit Judge. It is conceded that the evidence available in the district court touching the merits of the objections to the bankrupt's discharge has not been laid before this court, nor has like evidence been taken here de novo. Only such portions have been produced as are supposed to throw light on the seventh paragraph of the revisory petition addressed to us, and on some other propositions, which we will refer to further on. The seventh paragraph is as follows:

"On December 19, 1893, the bankrupt made an application to the court of bankruptcy, praying that the said specifications of objection be dismissed, or that the same be set down for trial at an early day; and on December 23, 1893, this application was brought to the attention of that court, in the presence of counsel for both parties, and the court summarily, without hearing any evidence or consulting the register, ordered that the specifications be dismissed for want of prosecution, leaving the petition for discharge pending. And thereupon this petitioner filed an application to the court of bankruptcy, praying that the petition for discharge, being the other part of the same proceeding, be also dismissed; but when this application was, on December 30, 1893, in the presence of both parties, brought to the attention of the court, it was refused, and summarily ordered to be dismissed, without hearing any evidence; and, without appointing any time for trial or hearing of the matter, the discharge of the bankrupt was forthwith ordered to be granted by the court, notwithstanding the certificate of the register made on December 30, 1893, a copy whereof is hereto annexed, and notwithstanding the several objections to such discharge set forth in this petition."

For aught that appears in this proposition, the conclusion granting a discharge may have been correct, though reached by an irregular course of proceedings. The allegations of this paragraph, so far as essential to this hearing, are disputed; and thus an issue of fact is raised, which is not, and cannot be, determined by an inspection of the records of the district court, and upon which the appellant has offered for our consideration the testimony of witnesses, asking us to resort to parol proof for its determination. Clearly, the revisory power given by section 4986 of the Revised Statutes does not go to this extent. It does not give this court the power, which may be exercised on an appeal in equity or a writ of error, of revising and correcting mere irregularities arising in the course of proceedings in the district court, nor any method of enforcing any orders or directions in that behalf. We have no power, under the section in question, except to "hear and determine the case" itself,

either on the proofs in the district court, or, if allowable, on such additional new proofs as may be submitted to us. Nor is it permissible to split up the proceeding in the district court, and offer it to us for revision piecemeal, as the appellant attempts to do. Our jurisdiction is limited to the result reached by the district court, or, at the most, to the determination of matters which appear by the record of that court to have been determined or done by it. In this case this power is limited to revision of the order granting a discharge, and perhaps of the order dismissing the specifications. The record presented does not enable us to determine whether, on the whole case, the appellant is entitled to have his specifications considered, or whether the bankrupt is or not entitled to a discharge, and therefore it offers nothing proper for our consideration.

But it is claimed that it appears of record that the bankrupt is not entitled to his discharge, because—First, there is no proper certificate of regularity from the register; second, because the bankrupt did not submit to an examination; and, third, because he did not secure the examination of his wife, as provided by section 5088 of the Revised Statutes.

Only the second of these was covered by the creditor's specifications of the grounds of opposition to the discharge. But, waiving that fact, all three resolve themselves into, and are disposed of by, the general considerations which we have already stated. There is no rule of law which makes the register's certificate of regularity a prerequisite to a discharge. Although section 5114 of the Revised Statutes requires, as such prerequisite, that it shall appear to the court that the bankrupt has in all things complied with his duty under the statutes, yet to make a register's certificate essential would turn over the administration of justice to a subordinate official, who is not even a constitutional judicial officer. Even the duty to require a last examination, apparently imposed by section 4998 of the Revised Statutes, does not arise without an order. U. S. v. Clark, Fed. Cas. No. 14,806. The court has the undoubted power to satisfy itself without a register's certificate, and even in the face of a hostile one. What the district court did in this particular is a part of its own mere course of proceedings, which does not appear of record, and over which we have no power. The expressions in Bellamy's Case, 1 Ben. 426, 430, Fed. Cas. No. 1,267, and in other cases of like character, instead of impugning this position, support it. It appears that in the Southern district of the Second circuit there were rules of the district court requiring a certificate of regularity, and these also made the return of all papers by the register a prerequisite to a discharge. It is absurd to suppose that a loss of papers by the register would perpetually bar the discharge of an innocent bankrupt; and, as both prerequisites stand on the same basis, it is plain that they were required only to aid the court, and that, like other rules of like character, they must yield when, under special circumstances, they stand in the way of the law.

The appellant claims that the record shows that there were orders for the examination of the bankrupt and his wife, but does not show

that they were examined, or that the bankrupt was unable to procure the attendance of his wife under section 5088 of the Revised Statutes, and that this raises a presumption, which cannot be met as the case stands, arising against the bankrupt under section 5114, already referred to. But there is no rule of law that all the facts touching these orders which might have been shown to the district court should appear of record, and the presumption the appellant suggests is contrary to all experience in the practical administration of justice. Non constat the district court did not know or find that neither the bankrupt nor his wife was duly notified to appear for examination, or that they were unable to appear through sickness or some other misfortune, or that they appeared and the party who applied for the examination did not appear.

It is to be borne in mind that, as this record comes to us, we are not considering what we might or should find on a full presentation of facts, but what the district court might in legal possibility have found. Therefore, all these propositions come back to the considerations which apply to the seventh paragraph of the petition for revision.

The petition is dismissed, with costs.